UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO G. MIRASOL, FEGELYN V. MIRASOL,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 2:19-cv-00027-KJM-EFB<br><br>ORDER |

On January 4, 2019, defendant Wells Fargo Bank, N.A. removed this matter from state court. ECF No. 1. On January 11, 2019, Wells Fargo filed a motion to dismiss. ECF No. 3. Wells Fargo's counsel noted his "numerous [unsuccessful] attempts to meet and confer with plaintiffs' counsel" concerning the motion. *Id.* at 3. Counsel went on to note:

> I *did* manage to have a telephone conference with the office manager of Guardian Law Group (Michael Yeganyan) on January 10, 2019. Mr. Yeganyan explained that Mr. Selikovitz was busy and added that he was extremely knowledgeable about the case. During this call, I enumerated the defenses that Wells Fargo intended to raise in a motion to dismiss. An agreement could not be reached concerning the retraction or amendment of plaintiffs' claims, thereby necessitating the filing of this motion.

*Id.* (original emphasis). According to the California Bar's website, Mr. Yeganyan is not a California licensed attorney.

/////

1

On January 14, 2019, the Clerk of the Court issued a notice stating, "Attorney Moshe Selikovitz is not admitted to practice in the Eastern District of California. Attorney Selikovitz must become admitted before representing Plaintiff Roberto Mirasol in this matter." ECF No. 5. That notice was served, along with a petition for admission to practice in this district, to the address listed for Selikovitz on the California Bar website. *Id.* Selikovitz did not respond. Further, Selikovitz did not respond on behalf of plaintiffs to Wells Fargo's motion to dismiss.

On March 14, 2019, one week prior to the scheduled motion to dismiss hearing and initial scheduling conference, the court ordered Selikovitz to show cause why sanctions should not issue for his failure to obtain admission to practice in this district. ECF No. 6. The court also noted Selikovitz's failure to comply with the court's meet and confer requirement. *Id.* The court reset the hearing on the motion to dismiss and the initial status conference. *Id.* Selikovitz did not respond to the court's order to show cause.

On May 2, 2019, as hearing on the motion to dismiss was again approaching, the court ordered Selikovitz to respond to the order to show cause no later than May 8, 2019. ECF No. 8. The court again reset hearing on the motion to dismiss and the initial status conference. *Id.* Selikovitz still did not respond to the court's order to show cause, though he – or someone on his behalf - did seek admission to practice in this court, providing the court with the following email address: "myeganyan@guardianlegalgroup.com." As noted, Michael Yeganyan is the non-attorney Wells Fargo's counsel met and conferred with prior to filing its motion to dismiss. ECF No. 3 at 3.[1]

On May 17, 2019, Wells Fargo filed a status report, noting that although the court required the parties to submit a joint status report, "[e]fforts were made to coordinate the preparation of a joint report, yet Wells Fargo believes this unilateral report will sufficiently aid the

/////

---

[1] The court notes it is not unusual for attorneys to provide support staff email addresses on the CM/ECF system, typically in addition to their own email addresses. Nonetheless, in light of Wells Fargo's substantive legal conversation with Yeganyan, ECF No. 3 at 3, and Selikovitz's silence to date, the court is concerned that Yeganyan may be overstepping his proper role in this litigation.

Court in managing the action." ECF No. 9. Selikovitz did not submit the required report on plaintiffs' behalf.

On May 28, 2019, with hearing on the motion to dismiss and the initial scheduling conference set for May 31, 2019, and with still no response from Selikovitz, the court vacated the hearing on the motion to dismiss but kept the hearing on the order to show cause and the initial scheduling conference on calendar. ECF No. 11.

At the May 31, 2019 hearing, Wells Fargo appeared by telephone, with the court's prior permission. *See id.* Selikovitz did not appear, though attorney Leland Moglen "specially appeared" on his behalf. *See* ECF No. 12 (hearing mins.). Moglen explained he had been engaged one and a half hours prior to the hearing through a service called "Attorneys on Demand," and represented to the court he was appearing only for the purpose of confirming that Selikovitz is admitted to practice in the Eastern District. The court noted it issued the order to show cause to Selikovitz personally. The court also noted that neither Selikovitz's subsequent admission to the Eastern District nor his sending an attorney to inform the court he had been admitted constitutes an adequate response to the outstanding order to show cause, particularly in light of Selikovitz's utter failure to prosecute this case since its removal to this court.

At the hearing, Wells Fargo's counsel explained he has made numerous unsuccessful attempts to contact Selikovitz throughout this case, including making more than a dozen phone calls and sending several emails and letters. Selikovitz has not responded, though Wells Fargo has spoken to Yeganyan at least three times. The court advised Wells Fargo's counsel and Moglen that it was considering removing Selikovitz from this case and reporting him to the California Bar and discussed with Wells Fargo's counsel possible means of obtaining plaintiffs' current contact information, if necessary.

Selikovitz's repeated failure to respond to this court's orders, including his failure to personally respond to an order to show cause now pending for more than two months as well as his failure to take any steps to prosecute this case since its removal, warrants sanctions. *See* E.D. Cal. R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the

/////

3

Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, the court ORDERS Selikovitz to pay sanctions in the amount of $250 within seven days of this order. Sanctions are payable to the Clerk of the Court. Selikovitz may not pass this cost on to his clients. The court further ORDERS Selikovitz to show cause, within seven days of this order, why he should not be removed from this case and why he should not be reported to the California bar. In his response, Selikovitz should explain why he has not responded to the court's order to show cause, why he sent another attorney to appear at a hearing on an order to show cause issued to him personally, why he did not respond to Wells Fargo's motion to dismiss and why he has taken no action to prosecute this case since removal; he should also address whether he has directed or allowed his assistant, Michael Yeganyan, to engage in the unauthorized practice of law.

IT IS SO ORDERED.

DATED: June 12, 2019.

_____
UNITED STATES DISTRICT JUDGE