UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO G. MIRASOL, et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 2:19-cv-00027-KJM-EFB

ORDER

After numerous orders over several months prompting plaintiff's counsel, Moshe Selikovitz, to respond to the court's orders to show cause, *see* ECF Nos. 6, 8, 11, 13, 14, and after his repeated refusal to provide any substantive response to the court's orders and his ongoing failure to further litigate this matter, on July 22, 2019, Selikovitz finally submitted a response to the court's most recent order to show cause, Response, ECF No. 15. That response is one week late and exhibits no remorse. Nonetheless, because Selikovitz previously paid sanctions issued by this court, and because the court required only a response, and not a contrite response, it DISCHARGES the outstanding order to show cause. The court also GRANTS Wells Fargo's motion to dismiss.

I. ORDER TO SHOW CAUSE

As to his failure to advance this case since its removal, Selikovitz explains he "ha[s] been instructed by Plaintiff's [sic] to settle their case and seek a rescission of their foreclosure sale date." Response at 1; *id.* at 2 ("I have taken no action to prosecute this case because the Plaintiff's [sic] have instructed me to settle case [sic] as quickly as possible. The Plaintiff's [sic] were only

interested in a settlement and rescission."); *id.* (suggesting he missed deadlines in part because "we were still in charge of seeking a settlement"). To the extent Selikovitz believes his clients' desire to settle this matter relieves him of his obligation to prosecute this case on their behalf, he is mistaken. Federal Rule of Civil Procedure 41 permits the court to dismiss a case for lack of prosecution, and Selikovitz is on notice that his continued failure to prosecute this case will result in dismissal. *See* Fed. R. Civ. P. 41(b).

Selikovitz also explains he did not respond to Wells Fargo's motion to dismiss because he did not receive a copy of the filing due to problems with mail delivery in his office, because his clients were interested only in settlement and because of a "miscommunication and lack of proper calendar [sic]." Response at 2. These explanations are unsatisfactory. Selikovitz is registered for electronic service of all documents filed in this action and thus presumably received an email indicating Wells Fargo was moving to dismiss his clients' complaint, regardless of whether a paper copy was delivered to his office. *See* E.D. Cal. R. 135(g)(1) ("Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes: (1) consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) . . . ."). Moreover, his clients' interest in settlement did not relieve Selikovitz of his obligation to file an opposition, or a statement of non-opposition, to Wells Fargo's motion. *See* E.D. Cal. 230(c) (requiring party to file opposition or non-opposition 14 days prior to hearing on motion). Finally, any unidentified "miscommunication" and Selikovitz's apparent need for a "proper calendar" do not adequately explain his failure to satisfy his obligations here.

Selikovitz's explanation for his failure to personally appear at the hearing on the order to show cause, to which he sent an appearance attorney, is also unsatisfying. He explains he did not appear due to "a miscommunication and a calendaring issue" with, again, no attempt to explain the nature of the miscommunication or why he did not notify the court of his inability to appear or otherwise seek to reschedule the hearing. *See* Response at 2.

Finally, as to whether he has directed or allowed his assistant to engage in the unauthorized practice of law, a concern arising from Wells Fargo's counsel's prior conversations with that assistant concerning substantive legal matters, Selikovtiz indicates his assistant only

2

"follow[s] [his] orders and assist[s] [him] with filings of documents, answering phone calls, taking messages and calendaring court days." *Id.* at 3.

Selikovitz shows no remorse for diverting the court's resources from its many other obligations in order to address his continued nonaction in this case. Thus, the court DISCHARGES the order to show cause, but notifies Selikovitz that his continued failure to fulfill his professional and ethical obligations will not be tolerated and may warrant dismissal of this action for non-prosecution and other sanctions as well.

II. MOTION TO DISMISS

Wells Fargo has long awaited resolution of its motion to dismiss. *See* ECF No. 3. As noted, plaintiffs did not oppose that motion or file a statement of non-opposition. This court's Local Rules permit the court to construe "failure to file a timely opposition . . . as a non-opposition to the motion." E.D. Cal. R. 230(c). Moreover, despite acknowledging his failure to oppose the motion on his clients' behalf, Selikovitz has never requested leave to file a late response. Response at 2. Accordingly, the court construes plaintiffs' silence as a non-opposition and GRANTS Wells Fargo's motion in full.

III. CONCLUSION

In sum, the court DISCHARGES the order to show cause pending against Selikovitz and GRANTS Wells Fargo's motion to dismiss. Plaintiffs may file an amended complaint within 14 days of this order. Their failure to do so will result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: August 6, 2019.

_____
UNITED STATES DISTRICT JUDGE